UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY,<br><br>        Petitioner,<br><br>    v.<br><br>JOE A. LIZARRAGA, Warden,<br><br>        Respondent. | Case No. 12-cv-04815-JST (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |

John Hardney, a California prisoner, filed this pro se action for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a disciplinary decision of Pelican Bay State Prison (PBSP) that resulted in a time credit forfeiture. Respondent was ordered to show cause why the petition should not be granted. Respondent has filed an answer, and petitioner has filed a traverse. For the reasons set forth below, the petition is denied.[1]

## BACKGROUND

On December 2, 2010, PBSP Correctional Officer R. Serna issued a Rules Violation Report (RVR) charging petitioner with "Indecent Exposure," a violation of Cal. Code Regs., title 15, § 3007. Dkt. #1 at 14. According to the RVR, Officer Serna was performing her duties as Unit B-2 Concrete Yard Officer when she observed petitioner sitting on his bunk with his legs

---

[1] Petitioner initially named Greg Lewis, former warden of PBSP, as the respondent in this action. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Joe A. Lizarraga, the current warden of Mule Creek State Prison, where petitioner is currently incarcerated, is hereby SUBSTITUTED as respondent in place of petitioner's prior custodian.

spread apart and his boxers pulled down, "vigorously stroking his erect penis with both hands (masturbating)." Id. In her subsequent investigative report, Officer Serna stated that she could clearly see petitioner stroking his erect penis while looking directly at her with his bright light on. Id. at 16.

Petitioner requested to postpone his hearing pending resolution of possible criminal prosecution for indecent exposure under California Penal Code section 324. Id. at 15. After receiving notice that the District Attorney had declined to prosecute, a disciplinary hearing was held at PBSP on January 6, 2011. Id. at 15-18. Prior to the hearing, petitioner was provided with notice of the hearing and of the charges against him. Id. Petitioner requested Dr. Tomar as a witness, to give the anticipated testimony that petitioner's medication stops him from getting an erection. Id. at 15. The request for a witness was granted. Id.

At the hearing, petitioner pled not guilty and claimed that he was applying lotion to his groin area, and not masturbating. Id. at 16. Petitioner also claimed that his medication prevented him from obtaining an erection. Id. Petitioner's witness, Dr. Tomar, affirmed that petitioner was on the drug Effexor but denied that Effexor prevents patients from having an erection in all cases. Id. Dr. Tomar testified that this was only a possible side effect and did not always happen. Id. Based upon the evidence presented, including the RVR, the investigative report prepared by Officer Serna, and the testimony of Dr. Tomar, petitioner was found guilty and assessed a forfeiture of 90 days of time credits. Id. at 16. Petitioner was also referred for review for prohibition against all future family visits pursuant to Cal. Code Regs., title 15, § 3177(b)(1)(A). Id.

Petitioner filed unsuccessful inmate appeals about the disciplinary decision. See Dkt. #1 at 12. He then filed a habeas petition in the Del Norte County Superior Court claiming there was insufficient evidence to support the disciplinary findings. Dkt. #1 at 20-21. The petition was denied on the merits. Id. He appealed that decision to the California Court of Appeal and the California Supreme Court, and both appeals were summarily denied. Dkt. #7 at 40, 63. This

federal petition followed.[2]

## DISCUSSION

A.    <u>Standard of Review</u>

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); <u>Williams v. Taylor</u>, 529 U.S. 362, 412–13 (2000).  Additionally, habeas relief is warranted only if the constitutional error at issue had a "substantial and injurious effect or influence in determining the jury's verdict." <u>Penry v. Johnson</u>, 532 U.S. 782, 795 (2001) (internal citation omitted).

A state court decision is "contrary to" clearly established Supreme Court precedent if it "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent."  <u>Williams</u>, 529 U.S. at 405-06. "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent

---

[2] This is the second time petitioner has filed a habeas action in this Court alleging he was denied due process in prison disciplinary proceedings charging him with similar conduct. See <u>Hardney v. Adams</u>, C 11-4713 EJD (PR).

3

judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

Section 2254(d)(1) restricts the source of clearly established law to the Supreme Court's jurisprudence. "[C]learly established Federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. "A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme Court] is, at best, ambiguous." Mitchell v. Esparza, 540 U.S. 12, 17 (2003).

B.   Analysis

Petitioner claims he was deprived of due process because the disciplinary decision was not supported by some evidence.

An inmate in California is entitled to due process before being disciplined when the discipline imposed will inevitably affect the duration of his sentence. See Sandin v. Conner, 515 U.S. 472, 484, 487 (1995). The process due in such a prison disciplinary proceeding includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. Wolff v. McDonnell, 418 U.S. 539, 564-67 (1974). The Due Process Clause only requires that prisoners be afforded those procedures mandated by Wolff and its progeny; it does not require that a prison comply with its own, more generous procedures. See Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994), overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

The revocation of good-time credits does not comport with the minimum requirements of procedural due process in Wolff unless the findings of the prison disciplinary decision-maker are supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985). There must be "some evidence" from which the conclusion of the decision-maker could be deduced. Id. at 455. An examination of the entire record is not required nor is an independent

4

assessment of the credibility of witnesses or weighing of the evidence. Id. The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary decision-maker. Id. This standard is considerably lower than that applicable in criminal trials. Id. at 456.

The record reveals, and petitioner does not dispute, that he was given written notice of the charges over twenty-four hours before the hearing, and that there was a written statement as to the findings and reasoning of the disciplinary decision. Dkt. #1 at 15-17. Petitioner was assigned a staff assistant, but was not assigned an investigative employee because the issues were not complex enough to warrant such an assignment. Id. Petitioner requested Dr. Tomar as a witness on his behalf, which request was granted. Id.

Further, there was sufficient evidence to support the disciplinary decision. The evidence of petitioner's guilt included: (1) the testimony of Officer Serna that, while she was conducting group release, she observed petitioner sitting on his bunk with his boxers pulled down and legs spread apart, vigorously stroking his penis; (2) Officer Serna's written statement following the incident in which she reported that she could clearly see petitioner through his cell window continue to vigorously stroke his erect penis while looking directly at her with his bright light on; and (3) the testimony of Dr. Tomar stating that petitioner's medication had a potential side effect of preventing patients from obtaining an erection but specifically denying that the side effect always occurred. Dkt. #1 at 16. Although petitioner generally challenges the credibility of the reporting officer, the "some evidence" standard does not require this Court to examine the entire record nor make an independent assessment of the credibility of the witnesses or weighing of the evidence. Hill, 472 U.S. at 455. The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. See id. Because the procedural protections required by Wolff were met in this case, and because the findings of the disciplinary board were supported by "some evidence," there was no violation of petitioner's federal right to due process. Hill, 472 U.S. at 455.

Petitioner argues that there was insufficient evidence to find him guilty specifically of an illegal sexual act pursuant to Cal. Code Regs., title 15, § 3007. This section provides:

> Inmates may not participate in illegal sexual acts. Inmates are specifically excluded in laws which remove legal restraints from acts between consenting adults. Inmates must avoid deliberately placing themselves in situations and behaving in a manner which is designed to encourage illegal sexual acts.

15 C.C.R. § 3007.

This Court has recognized that, "indecent exposure, while in prison, constitutes a misdemeanor offense under the California Code of Regulations and is subject to possible criminal prosecution." Hart v. Celeya, 548 F. Supp. 2d 789 at 796 n.1 (N.D. Cal. 2008) (citing Cal. Code Regs., title 15, § 3007). Pursuant to California Penal Code § 314, a person commits indecent exposure when he or she "[e]xposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby." Cal. Penal Code § 314. For the reasons discussed above, there was sufficient evidence to find petitioner guilty of indecent exposure. Petitioner argues that the evidence was not sufficient because the District Attorney declined to prosecute him for a violation of section 314. That the District Attorney elected not to prosecute may have simply reflected the exercise of prosecutorial discretion and does not show that there was insufficient evidence to support the disciplinary decision against him.

Other courts have recognized § 3007 violations under circumstances involving less exposure and of a less sexual nature. See e.g., Valdivia v. Williams, No. 08-cv-01078-SMS PC, 2009 U.S. Dist. LEXIS 26752 at *3 n.1 (E.D. Cal. Mar. 30, 2009) (masturbating without exposure resulting in § 3007 charge); Burnett v.Yates, No. 09-cv-2681-MMA (AJB), 2010 U.S. Dist. LEXIS 125422 at *2 (S.D. Cal. Sept. 21, 2010) (indecent exposure without masturbation resulting in § 3007 charge). See also Stewart v. Dir., Dep't of Corr., No. 08-cv-00891 GSA HC, 2008 U.S. Dist. LEXIS 111533 at *1-5 (E.D. Cal. July 14, 2008) (rejecting petitioner's argument that masturbation does not meet the elements of § 3007 and holding that § 3007 is not limited to sexual acts between two people.) Additionally, Cal. Code Regs., title 15, § 3000 defines sexual disorderly conduct as "every person who touches, without exposing, his or her genitals, buttocks,

or breasts in a manner that demonstrates it is for the purpose of sexual arousal, gratification, annoyance, or offense, and that any reasonable person would consider this conduct offensive."

In sum, the actions on which petitioner's disciplinary penalties were based can reasonably be found to constitute an illegal sexual act in violation of Cal. Code Regs., title 15, § 3007. Consequently, petitioner has not shown that the state courts erred in finding "some evidence" to support the prison's disciplinary decision. Accordingly, he is not entitled to federal habeas relief.

C.   Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. See Rules Governing § 2254 Case, Rule 11(a).

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. Id. § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

## CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is DENIED, and a certificate of appealability is DENIED.

The Clerk shall enter judgment in favor of respondent and close the file.

/ / /

/ / /

/ / /

/ / /

/ / /

Additionally, the Clerk is directed to substitute Joe A. Lizarraga on the docket as the respondent in this action.

**IT IS SO ORDERED.**

Dated: July 20, 2014

_____
JON S. TIGAR
United States District Judge